# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | No. 3:15cr286 |
|---|---|---|
| v. | : | (Judge Munley) |
| SAMUEL LOMBARDO,<br>　　　　Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Samuel Lombardo's motion in limine in this criminal case. The motion, which raises three separate issues, has been briefed, and the matter is ripe for disposition.

**Background**

The United States of America has charged Samuel Lombardo with the unlawful possession with the intent to distribute a controlled substance, the distribution of that controlled substance, and the carrying of a firearm during and in relation to the aforementioned distribution, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Specifically, the government accuses the defendant of selling a quantity of heroin to a confidential informant (hereinafter "CI"). Law enforcement officers allegedly stopped the defendant's vehicle upon the completion of a controlled drug transaction, and recovered a .25 caliber pistol during a search of his vehicle.

**Discussion**

The defendant has filed a motion in limine regarding three evidentiary matters which he expects the government will present at trial. First, the defendant asks us to prohibit the government from introducing into evidence various statements made by the CI in this case, who is now deceased, including the audio recording from a body wire she wore when she met with the defendant for the alleged drug transaction. Next, the defendant asks us to prohibit the government from introducing evidence of defendant's marital status at the time of the offense. Finally, the defendant seeks to preclude all evidence concerning a set of brass knuckles found in his vehicle at the time of his arrest. We will address these issues *seriatim*.

I. **Statements Made By Deceased CI**

Prior to the defendant's arrest on August 13, 2015, the CI in this case made several statements to law enforcement officials relating to her knowledge of the defendant's alleged drug trafficking. Law enforcement officials then received consent from the CI to set up a telephone wire intercept and equip her with a body wire during two controlled drug transactions with the defendant. Her conversations on the telephone with the defendant before and after the transactions were recorded. The body wire that the CI wore during the two

transactions also produced an audio recording in which the defendant and the CI can be heard conversing.

The CI will be unable to testify at trial, as she died on June 16, 2016. The defendant has moved to exclude all of the abovementioned evidence on the grounds the evidence is not only hearsay, but also implicates his rights under the Confrontation Clause. The government has not responded to these arguments, but instead avers that they will be able to lay a proper foundation for the evidence to be admitted.[1] We will nonetheless review defendant's arguments.

**A. Hearsay**

As noted above, the defendant argues that both the statements made by the CI to law enforcement officers as well as the statements made by the CI on the audio recordings are inadmissible hearsay. Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and is offered in evidence "to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). A statement is not hearsay if it is offered against a party to the litigation and is "the party's own statement." FED. R. EVID. 801(d)(2)(A). Thus, the defendant's side of the conversation in these recordings is not hearsay.

---

[1] We agree with the government that the prosecution must be able to authenticate this evidence through an appropriate witness. See FED. R. EVID. 602 and 901. The defendant, however, does not appear to contest the authenticity of the evidence. Rather, he challenges the admissibility of the evidence on the abovementioned basis. The parties are reminded that it is always the proponent's burden to lay a proper foundation for evidence to be admitted during trial. Id.

First, the defendant argues that the statements the CI made directly to law enforcement officers concerning information about the defendant's alleged drug trafficking are hearsay because the CI will not be called as a witness at trial. While we recognize that these are out of court statements, we will allow the statements to be admitted so long as the government does not offer them for the truth of the matter asserted. See FED. R. EVID. 801 (excluding statements not offered for truth of matter asserted from the definition of hearsay). For example, the government may introduce these statements to demonstrate the effect that the information had on the listener—that law enforcement officials began an investigation into the defendant in response. We will deny the defendant's motion in limine on this matter.

The defendant next argues that the audio recorded conversations between the CI and the defendant are also inadmissible hearsay because they, too, constitute out-of-court statements made by the CI. Similarly, we find that so long as that the government does not intend to use the CI's statements for the truth of the matter asserted, the statements made by the CI on the audio recordings do not violate the rule against hearsay. The law provides that in situations where the CI is unavailable to testify at trial, audio recorded statements made by the CI are admissible to provide context to the defendant's own alleged statements in the conversation. See U.S. v. Hendericks, 395 F.3d 173, 182-84 (3d Cir. 2005); U.S.

v. Ligambi, 891 F. Supp. 2d 709, 714 (E.D. Pa. September 14, 2012). As previously discussed, statements made by the defendant are not hearsay. FED. R. EVID. 801(c). Without the CI's side of the conversation, however, the jury could not reasonably understand the nature and meaning of the defendant's statements. As such, we will deny the defendant's motion.

**B. Confrontation Clause**

The defendant argues that allowing the statements by the CI to be introduced into evidence also implicates his constitutional rights. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Confrontation Clause is violated when hearsay evidence is admitted as substantive evidence against a defendant who has no opportunity to cross-examine the declarant. Kentucky v. Stincer, 482 U.S. 730, 737 (1987). Not all hearsay, however, implicates the primary concerns of the Sixth Amendment. Crawford v. Washington, 541 U.S. 36, 51 (2004). Rather, a defendant's Sixth Amendment rights are violated by the introduction of "testimonial" hearsay into evidence, unless the declarant is unavailable and the defendant has had a prior opportunity for cross-examination. Id. at 53, 68; United States v. Berrios, 676 F. 3d 118, 126 (3d Cir. 2012) ("the Confrontation Clause

protects the defendant only against the introduction of testimonial hearsay statements").

The Third Circuit has held that a CI's statements in an audio recording like those here do not offend the Confrontation Clause:

> [I]f a Defendant ... makes statements as part of a reciprocal and integrated conversation with a government informant who later becomes unavailable for trial, the Confrontation Clause does not bar the introduction of the informant's portions of the conversation as are reasonably required to place the defendant['s] ... nontestimonial statements into context.

Hendricks, 395 F.3d at 184.

Thus, we find that the government should be permitted to introduce the CI's statements to put the conversations "into perspective and make them intelligible to the jury and recognizable as admissions [by the defendant]." Id. (internal citation and quotation omitted). Because the CI's statements are not being offered for the truth of the matter asserted, and thus do not constitute hearsay, let alone "testimonial hearsay," we will deny the defendant's motion.

## II. Defendant's Marital Status

The defendant next moves to exclude evidence that he is currently married and was married at the time at the time of the alleged offense on the grounds that such evidence is irrelevant and prejudicial. In response, the government argues that the defendant himself told law enforcement officials about his

marriage after he waived his Miranda rights and signed a waiver, thus such statements should not be excluded. The government argues that a specific statement in which the defendant says to law enforcement officials: "my wife got mad that I was always going to the club and hanging out with the girls" is especially relevant because one of "the girls" that he is referring to is the CI.

Under the Federal Rules of Evidence, relevancy is the touchstone of admissibility. <u>See</u> FED. R. EVID. 402 (stating that relevant evidence is admissible while irrelevant evidence is not admissible). Rule 401 defines the test for relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. However, even relevant evidence may be excluded under Rule 403: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

The defendant in this case is charged with drug related crimes and the possession of a firearm in the commission of those crimes. Prejudicial value of this evidence aside, we find that the defendant's marital status, including the status at the time of his arrest, has no relation to any of the charged offenses. We are not convinced that the jury would benefit in any way from testimony about

the defendant's personal problems within his marriage. To the extent that the government wishes to establish that the defendant knew the CI, they are permitted to do so in an alternate, more relevant manner. The defendant's motion will be granted, and the government will be precluded from introducing evidence regarding the defendant's marital status at the time of trial.

### III. Brass Knuckles Found in Defendant's Vehicle

Finally, the defendant moves to exclude evidence regarding a set of brass knuckles recovered by law enforcement officials during a search of his vehicle. The defendant argues that because he was not charged with an offense involving the brass knuckles, the evidence is irrelevant in a case involving the sale of illegal narcotics and the possession of a firearm used in the furtherance thereof. In response, the government argues that the evidence is relevant to demonstrate that the defendant had the brass knuckles in his possession to protect him during his drug trafficking activities.

Rule 404(b) prohibits evidence of a crime, wrong, or other act to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. The evidence may be admissible for another purpose, however, such as proving "motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).

Here, the government argues that it found the brass knuckles in the defendant's vehicle in close proximity to the drugs and the firearm, demonstrating the defendant's intent to sell illegal drugs. We agree that this evidence is admissible to establish this theory. Defendant's motion in limine on this issue is denied.

**Conclusion**

For the foregoing reasons, the defendant's motion in limine will be denied in part and granted in part. The motion will be denied with respect to the preclusion of statements made by the deceased confidential informant to both the defendant and law enforcement officials. The motion will also be denied regarding the brass knuckles found by law enforcement officials inside the defendant's vehicle. The motion will be granted concerning the introduction of evidence related to the defendant's marital status. An appropriate order follows.

**Date: December 6, 2017**     **s/ James M. Munley**
                                **JUDGE JAMES M. MUNLEY**
                                **United States District Court**