# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 15cr286 |
|---|---|---|
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SAMUEL LOMBARDO, | : | |
|           Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Samuel Lombardo's motion for judgment of acquittal. The motion has been fully briefed and is ripe for disposition.

**Background**

This case arose from an investigation conducted by the Kingston Municipal Police Department (hereinafter "KPD") into drug trafficking in the Kingston, Pennsylvania area. (Doc. 96, Notes of Testimony (hereinafter "N.T.") Apr. 23, 2018 at 26). A confidential informant, Vanessa Kreitzer, provided information to KPD detectives that the defendant was engaging in drug trafficking, specifically the selling of heroin. (Id. at 25). Kreitzer further advised the detectives that she was aware that the defendant was dealing heroin to a number of dancers who worked with Kreitzer at a local gentlemen's club. (Id. at 28). According to Kreitzer, the defendant frequently carried heroin in his vehicle in addition to a

hand gun. (Id.) Kreitzer, who was facing charges of drug possession and possession of paraphernalia, agreed to work with the KPD detectives to conduct two controlled purchases of heroin from the defendant. (Id. at 26).

On August 12, 2015, Kreitzer met with KPD detectives and made a recorded phone call to the defendant to arrange to buy heroin. (Id.) Kreitzer was given $40 of pre-recorded money, and was set up with a body audio recording device to record the transaction. (Id. at 34). Kreitzer then proceeded to the pre-arranged location which was in the area of Main Street and Page Avenue in Kingston. (Id.) KPD detectives also went to the meet location, and set up surveillance on the area. (Id.) When the defendant arrived, Kreitzer entered his vehicle. (Id. at 39). The defendant asked Kreitzer to show him the money, and the drug transaction transpired. (Id. at 37). The defendant gave Kreitzer four bags of what was later determined to be heroin. (Id. at 41). The bags were stamped with a black eagle head. (Id.) When Kreitzer asked the defendant whether he would have more heroin in the future, the defendant confirmed that he would. (Id. at 37). Kreitzer eventually left the defendant, and returned to KPD Detective Kochick with the four bags of heroin. (Id. at 40).

The next day, on August 13, 2015, Kreitzer met with KPD detectives to organize a second controlled buy. (Id. at 43). Kreitzer again made a recorded phone call to the defendant, and arranged to pick up four bags of heroin, the

same amount as the day prior. (Id. at 46). KPD detectives provided Kreitzer with another $40 of pre-recorded money, and she was again equipped with an audio recording device. (Id. at 47). Because KPD detectives had planned to arrest the defendant during his interaction with Kreitzer, additional officers were sent to the meet location on this day. (Id.)

The defendant once again met Kreitzer at the meet location. (Id. at 48). During the transaction, audio recording captured the defendant telling Kreitzer that the heroin was the same quality as the day before, but were stamped differently. (Id.) The defendant told Kreitzer to put the money in the box, which was the center console of the defendant's vehicle. (Id.) After Kreitzer received the heroin, she exited the defendant's vehicle and returned to KPD detectives who were set up with surveillance down the street. (Id. at 49). Kretizer handed KPD Detective Palka four bags filled with a substance that was later confirmed to be heroin. (Id. at 51).

KPD detectives followed the defendant's vehicle after he left his meeting with Kreitzer, and conducted a felony stop shortly thereafter at the intersection of Page Avenue and West Market Street. (Id. at 52). KPD detectives removed the defendant from his vehicle at gunpoint, and placed him in handcuffs. (Id. at 53). Sergeant McTague, another KPD detective involved in the investigation, immediately searched the defendant's vehicle and recovered a firearm in the

3

driver's side door compartment. (Id. at 94). The firearm was positioned in a small black pouch that was partially opened. (Id. at 93). The gun was determined to be loaded, with one round chambered. (Id. at 94). Sergeant McTague also recovered seven bags of heroin from the vehicle and one empty bag, a wallet, a pair of brass knuckles, and the $40 of pre-recorded money given to the defendant by Kreitzer. (Id. at 60).

On December 8, 2015, a grand jury indicted the defendant charging him with three counts of knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1), and one count of knowingly and intentionally carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On April 23 and April 24, 2018, the court held a trial where the government presented four witnesses and the defendant presented four witnesses. The defendant also testified. Kreitzer was unavailable for trial, as she died in 2016.

After deliberation, the jury convicted the defendant on three counts of knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1). The jury also convicted the defendant on one count of knowingly and intentionally carrying a firearm during and in relation to a drug trafficking crime and knowingly possessing the firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(hereinafter referred to as "Count Four"). On May

4

5, 2018, the defendant filed the instant motion for judgment of acquittal on Count Four of the Indictment.

**Legal Standard**

The defendant has filed a motion for judgment of acquittal on Count Four. Rule 29 of the Federal Rules of Criminal Procedure provides that a defendant may move for a judgment of acquittal after a guilty verdict. In deciding such a motion, we view the record in the light most favorable to the prosecution, and the issue is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Boria, 592 F.3d 476, 480 (3d Cir. 2010). We must sustain the verdict if there is substantial evidence to uphold the jury's decision. United States v. Flores, 454 F.3d 149, 154 (3d Cir. 2006).

**Discussion**

As we instructed the jury during trial, Count Four of the Indictment charges the defendant with two different crimes. The first part of the statute makes it a crime to "carry a firearm during and in relation to a drug trafficking crime" and the second part makes it a crime to "possess a firearm in furtherance of a drug trafficking crime." 18 U.S.C. § 924(c). The defendant argues that the mere possession of a firearm at the scene of drug trafficking, which is all that was established at trial, is insufficient to support a conviction under either crime. The defendant acknowledges that "if the facts do not establish that a firearm was

5

possessed 'during and in relation to' a drug crime, they will not satisfy the more stringent 'in furtherance of' language." (Doc. 107, Def.'s Reply Br. at 7). We therefore begin our analysis with whether the defendant carried a firearm during and in relation to the sale of heroin.

**Carrying a Firearm During and In Relation to a Drug Trafficking Crime**

As noted above, the first crime found in Count Four is "carrying a firearm during and in relation to a drug trafficking crime." In order to convict the defendant of carrying a firearm during and in relation to a drug trafficking crime, the jury must have found that the government proved the following three elements beyond a reasonable doubt. First, that the defendant committed a drug trafficking crime. Second, that the defendant knowingly carried a firearm, which for our purposes means that the defendant had a firearm available to assist or aid in the commission of the drug trafficking crime. Third, that the defendant carried that firearm during and in relation to a drug trafficking crime. During and in relation to means that the firearm must have had some purpose or effect with respect to the drug trafficking crimes. See Smith v. United States, 508 U.S. 223, 224 (1993). Essentially, the firearm must have at least facilitated or had the potential to facilitate the drug trafficking crime. Id.

Here, the defendant does not dispute that the evidence established at trial is sufficient to support the jury's finding that he committed a drug trafficking

crime, that is, the distribution of heroin. He also does not dispute that he had a firearm in his vehicle when the illegal drug transactions occurred. He disputes, however, that sufficient evidence was presented to support the jury's finding that he carried that firearm **during and in relation to** the drug transaction. Specifically, the defendant argues that the evidence presented at trial merely establishes that the firearm was present at the scene of the drug transaction, which is not enough to sustain a conviction under this crime. We are unconvinced.

Testimony at trial, which we must view in the light most favorable to the prosecution, indicates that the firearm was recovered from the defendant's vehicle by Sergeant McTague from the KPD moments after the defendant was arrested for the sale of heroin to Vanessa Kreitzer. (Doc. 96, N.T. Apr. 23, 2018 at 93). The gun, which was located in a black, partially opened pouch, was found immediately to the left of the defendant's seat in the car, in the door pocket. (Id. at 94). The firearm was loaded, with one round chambered inside. (Id.) The firearm was also in reachable distance from recovered additional bags of heroin, and the pre-recorded money that Kreitzer used to purchase the heroin earlier that day. (Id.)

The defendant places a strong emphasis on the intimate relationship that he had with Kreitzer. Prior to his arrest, the defendant engaged in sexual

activities with Kreitzer, and considered her a friend. (Doc. 106, N.T. Apr. 24, 2018 at 75). The defendant argues that the dynamic of their relationship, which never took a hostile turn, refutes that he would have ever needed to use a firearm while in the presence of Kreitzer. We find that this argument is misplaced. The inquiry is not whether the defendant actually needed to use the firearm during the days in question. Rather, the jury's job was to determine whether the defendant had the firearm ready and available for use, had the transaction taken a turn from their usual friendly interactions.

Testimony introduced at trial revealed that Kretizer knew, even before the controlled buys, that the defendant kept a firearm in his vehicle—the same vehicle from which he sold heroin. (Doc. 96, N.T. Apr. 23, 2018 at 28). In fact, this was one of the first things that Kreitzer told KPD detectives about the defendant. (Id.) Moreover, the defendant himself testified that he kept the firearm in his vehicle for his own protection. (Doc. 106, N.T. Apr. 24, 2018 at 102). KPD The firearm was accompanied in the vehicle by a pair of brass knuckles and a knife. (Id. at 97). While the desire for protection alone is not necessarily indicative of criminal conduct or intent, it is certainly reasonable for a jury to infer that such protection was necessary due to the dangerous and unpredictable nature of the defendant's drug trafficking activities.

**Conclusion**

In light of all of this evidence, we find that a reasonable jury could conclude that the defendant carried his firearm during and in relation to a drug trafficking crime. Based on this conclusion, we need not further inquire whether sufficient evidence exists to establish that the defendant also possessed the firearm in furtherance of a drug trafficking crime. As such, the defendant's motion for judgment of acquittal on the basis that insufficient evidence supports his conviction for knowingly and intentionally carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) will be denied. An appropriate order follows.

**Date: August 27, 2018**          **BY THE COURT:**

                                   **s/ James M. Munley_____**
                                   **JUDGE JAMES M. MUNELY**
                                   **United States District Judge**